Wanda SMITH and Betty WADE, Co-administratrices
of the Estate of Hershel Wane SMITH, Deceased
*v.* Betty ROANE, Special Administratrix of
the Estate of Dudley C. ROANE, Deceased

84-218                         683 S.W.2d 935

Supreme Court of Arkansas
Opinion delivered February 11, 1985
[Rehearing denied March 11, 1985.]

*Fletcher C. Lewis* and *Jim O'Hara,* for appellants.

*Butler, Hicky, Hicky & Routon, Ltd.,* by: *Phil Hicky* and *Preston G. Hicky,* for appellee.

DAVID NEWBERN, Justice. This is a wrongful death case, thus our jurisdiction arises under Arkansas Supreme Court and Court of Appeals Rule 29(1)(o).

The question is whether the determination of an issue in a previously decided insurance coverage case involving these parties is preclusive of an issue in this wrongful death action. The trial judge held there was no such preclusion, and we affirm.

Dudley Roane shot and killed Hershel Smith. Smith's estate filed this wrongful death claim against Roane. Thereafter, Roane's insurer, Fireman's Insurance Company, sought a declaratory judgment against Roane to the effect its policy issued in favor of Roane did not cover any liability he might have arising from the incident. Smith's estate was also a named defendant.

In the declaratory judgment action, the question was whether a coverage exclusion clause applied. The clause provided that if the insured intended or expected the injury to result from his act, there would be no coverage. The jury, in response to a specific interrogatory, found that Roane neither intended to shoot Smith nor expected injury to result to Smith from his act. Thus the defendant, Roane, prevailed in the action, as it was determined his insurance policy covered his possible liability to Smith's estate. Roane thereafter died, and the wrongful death action proceeded against Roane's estate, resulting in a judgment in favor of Roane's estate.

In the wrongful death action, Smith's administratrices moved for a partial summary judgment to prevent Roane's estate from claiming justification or self-defense. The motion was based on argument that Roane's estate could not raise that defense because it had already been determined that Roane did not intend or expect the injury to occur to Smith and thus his estate could not claim justification or self-defense because inherent in such a position is intent or expectation that Smith would be injured by Roane's act.

This is not a matter of res judicata which, through doctrines of merger or bar, precludes relitigation of a cause of action. The first cause of action was one in contract seeking a declaration the insurer was not contractually bound to defend Roane or his estate. The second cause of

action is that of Smith's estate against Roane's estate for wrongful death. We are dealing here with a matter of collateral estoppel or, as the Restatement of Judgments would say in preferable terminology, we are concerned with "issue preclusion" rather than extinguishment of a claim. Restatement (Second) of Judgments § 27 (1982).

Section 27 of the Restatement requires that an "issue" have been litigated in the previous case to be binding in the second case. There is a temptation to speak here in terms of determination of "evidentiary facts" as opposed to "ultimate facts" or "mediate datum" as opposed to "ultimate facts" as do some great opinions in this area of the law. See, e.g., *The Evergreens* v. *Nunan*, 141 F.2d 927 (2nd Cir. 1944). We prefer to do as the Restatement comment j. to § 27 suggests, however, and say simply the issue determined in the first case was just not the same as that determined in the second.

The danger in allowing the determination that Roane did not intend or expect the firing of his pistol to injure Smith to preclude him from defending the wrongful death action on the basis of justification is apparent when it is considered that Roane had been physically attacked by someone other than Smith who was a member of a group of persons including Smith. Roane was intoxicated and had been sleeping or trying to sleep in his pickup truck when he was attacked and had his nose bloodied and his glasses knocked off. Roane could have fired his pistol at someone other than Smith, or he could have been firing at no one, just hoping to scare away his real or perceived antagonists. The point here is that we are not to engage in speculation. The appellants' burden is to demonstrate that the precise issue on which they claim the court and other parties are bound and which is precluded from being raised was decided in the previous case. *JeToCo Corporation* v. *Hailey Sales Company*, 268 Ark. 340, 596 S.W.2d 703 (1980). The appellants have not successfully done so.

That the issue sought to be precluded in the second case is not the same as that of intent or expectation of injury decided in the first case is illustrated by an instruction given by the trial court. The instruction was:

No person shall be civilly liable for actions or omissions by such persons when intended to protect themselves or others from personal injuries during the course of a felony.

The appellants urge this instruction was obviated, and should not have been given, because the intent of Roane not to injure Smith had been determined. However, the intent referred to in the instruction is the intent to protect oneself or others from injury, a very different question from that of intent or expectation of injury caused by one's act.

The law of the effect of prior adjudiciation seems never to present easy questions. Law professors have trouble thinking of questions as difficult as the one presented here, as they only occur in real life. Both parties presented excellent briefs deserving of our compliments.

Affirmed.