Marvin BAILEY, Joe GLOVER, and George LANKFORD
*v.* HARRIS BRAKE FIRE PROTECTION
DISTRICT, et al.

85-145                                    697 S.W.2d 916

Supreme Court of Arkansas
Opinion delivered November 4, 1985

*Wilson & Patterson, P.A.*, by: *Mike Wilson*, for appellant.

*Larry D. Vaught*, for appellee.

ROBERT H. DUDLEY, Justice. The Harris Brake Fire Protec-
tion District was created in 1980 by ordinance of the Perry

County Quorum Court pursuant to Ark. Stat. Ann. §§ 20-923 to - 943 (Supp. 1985). In 1981, a suit was brought in chancery court seeking a judgment which would declare the district to be void because of failure to conform with the above cited statutes in forming the district. At that time, the constitutionality of the statutes was not challenged. The Chancellor upheld the formation of the district. This Court affirmed that decision. *Langford* v. *Brand*, 274 Ark. 426, 626 S.W.2d 198 (1981).

In 1984, a second suit was brought by the same plaintiffs, again seeking a judgment declaring the district to be void, but this time alleging that the cited statutes were unconstitutional. The Chancellor again refused to void the district. We affirm.

Professor Vestal had explained the distinction between claim preclusion and issue preclusion as separate facets of the concept of res judicata. His explanation is helpful in this case:

> The concept of res judicata, which is not at all a simple one, encompasses at least two distinct facets. For the sake of clarity it is desirable to distinguish the foreclosing of further litigation on a cause of action (which may be called claim preclusion) from the preclusion of further litigation of an issue (which may properly be called issue preclusion).

Vestal, *Preclusion/Res Judicata Variables*, 1965 Wash. U.L.Q. 158 (1965).

Our decision in this case is based upon the well established law of the claim preclusion facet of res judicata. It bars relitigation of a subsequent suit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Wells* v. *Arkansas Pub. Serv. Comm'n*, 272 Ark. 481, 616 S.W.2d 718 (1981). Further, claim preclusion bars not only the relitigation of issues which were actually litigated in the first suit, but also those which could have been litigated but were not. *Wells* v. *Arkansas Pub. Serv. Comm'n, supra*; and *Lovell* v. *Mixon*, 719 F.2d 1373 (8th Cir. 1983). In contrast, issue preclusion, or the collateral estoppel aspect of res judicata, is limited to those matters previously at issue which were directly and necessarily

adjudicated. *Smith* v. *Roane*, 284 Ark. 568, 683 S.W.2d 935 (1985). However, both types of preclusion are applicable only when the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Lovell* v. *Mixon, supra.*

In the case at bar it is clear that: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; and (4) both suits involved the same parties. The only issue sufficiently in doubt to merit discussion is whether both suits involve the same cause of action.

Two separate suits may be said to have such a measure of identity that they constitute only one cause of action when the validity of a statute is assumed in the first suit, and, as a result, certain rights or interests are created or protected; then, in the second suit, the same moving party or his privies, seek to have the statute declared unconstitutional in an attempt to destroy those very same rights or interests. *Chicot County Drainage Dist.* v. *Baxter State Bank*, 308 U.S. 371 (1940). Here, the first suit sought to void the creation of the improvement district, but the validity of the statutes was never questioned. As a result of the first suit, the formation of the district was approved. Specific interests and rights were automatically created, such as the authority to levy and collect taxes or fees. The same moving parties, in the second suit, again seek to destroy those interests and rights, this time by claiming that the statutes are unconstitutional. Both suits involve the same cause of action.

The appellants had a full and fair opportunity to litigate the constitutionality of the statutes complained of in the first suit but did not do so. They raised the issue only after they disagreed with the result of the first suit. Such an attempt to split a cause of action and have piecemeal litigation is not permissible. *See Chicot County Drainage Dist.* v. *Baxter State Bank, supra.*

Affirmed.

PURTLE, J., not participating.