Robert L. SPEARS, et al. *v.* STATE FARM FIRE AND CASUALTY INSURANCE

86-192                                    725 S.W.2d 835

Supreme Court of Arkansas
Opinion delivered March 16, 1987

466

*Meredith Wineland, Josh McHughes*, and *Bob Leslie*, for appellants.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, for appellee.

DARRELL HICKMAN, Justice. Robert L. Spears, a disc jockey for radio station KSSN in Little Rock, was struck in the face with a baseball bat. He sued Bob Troutt and his wife for damages, alleging intentional, negligent and willful and wanton conduct by the Troutts. The appellee, State Farm Fire and Casualty Insurance, carried a home owners policy for the Troutts and provided a defense for the Troutts; however, State Farm specifically reserved the right to deny coverage through an exclusion in the policy for injuries "expected or intended by the insured." State Farm expressly told counsel to consider only the Troutts' best interest and not attempt to direct the lawsuit so that the jury would find an intentional tort by the Troutts. The jury answered eight interrogatories, finding the Troutts guilty of both negligence and willful and wanton disregard of the rights of others. The jury awarded Spears $505,000 and his wife $65,000 in compensatory damages and together they were awarded $2,000,000 in punitive damages. The trial court reduced the punitive award by half.

After the tort suit, State Farm filed this declaratory judgment action against the appellants and the Troutts to determine its liability for the judgment the Spearses had against the Troutts. The appellants moved for summary judgment alleging the prior lawsuit was *res judicata* of the issues now raised, binding State Farm to the jury's findings in the first case. The trial court denied the motion, and the case was tried to a jury. Both Spears and Troutt were called as witnesses. State Farm offered the former testimony of Roosevelt Nelson, an employee of Troutt, who testified at the first trial that he struck Spears with a baseball bat. Jimmy Baldwin, another employee of Troutt, testified that he drove the "getaway" car after Spears was beaten. He also testified he was at Troutt's house the day Troutt gave Lavonia Gray a baseball bat. Gray, a longtime employee of Troutt, gave a confession, which was introduced, to the Pulaski County Sheriff's Department. In the confession Gray admitted that Troutt told

him to hit Spears; he said Nelson left the vehicle that night and returned saying he had "hit him." The jury returned a verdict for State Farm.

Appellants raise three arguments on appeal. First, it is argued the trial court was wrong in denying summary judgment because of *res judicata*. Second, it is argued that the trial court erroneously admitted Gray's confession, which was hearsay, as a business record. Finally, it is argued that the trial court was wrong in declaring Nelson unavailable to testify, thereby admitting his testimony from the first trial.

■ We first consider the question of *res judicata*. The doctrine of *res judicata* "provides that a prior decree bars a subsequent suit when the subsequent case involves the same subject matters as that determined or which could have been determined in the former suit between the same parties; and the bar extends to those questions of law and fact which might well have been but were not presented." *Benedict* v. *Arbor Acres Farm*, 265 Ark. 574, 579 S.W.2d 605 (1979); *Wells* v. *Heath*, 269 Ark. 473, 602 S.W.2d 665 (1980): see also *Hickerson* v. *State*, 286 Ark. 450, 693 S.W.2d 58 (1985). The purpose of *res judicata* is "to put an end to litigation by preventing a party who had one fair trial on a matter from relitigating the matter a second time." *Wells* v. *Heath, supra.*

The first suit was between Spears and Troutt. While State Farm was not a party to the suit, it defended the Troutts as required by the policy.

■ Was there privity between State Farm and the Troutts? A final judgment is binding on those in privity as well as the parties. *Missouri Pacific Railroad Co.* v. *McGuire*, 205 Ark. 658, 169 S.W.2d 872 (1943). Privity of parties within the meaning of *res judicata* means "a person so identified in interest with another that he represents the same legal right. . . ." *Missouri Pacific Railroad Co.* v. *McGuire, supra.*

■ We have held that "ordinarily an insurer is considered as being a privy to a judgment against its insured in which it furnished a defense and estopped to make an assertion contrary to a finding in the action against the insured." *Southern Farm Bureau Casualty Insurance Co.* v. *Jackson*, 262 Ark. 152, 555

S.W.2d 4 (1977). On this basis the appellants argue State Farm is bound by the judgment in the tort suit. However, there is an exception to this rule and it applies to this case. That exception is when the interests of the insured and the insurance company conflict, there is no bar to a second suit. Restatement (Second) of Judgments, § 58 (1982) provides:

> (1) When an indemnitor has an obligation to indemnify an indemnitee (such as an insured) against liability to third persons and also to provide the indemnitee with a defense . . ."

> (b) The indemnitor is precluded from relitigating those issues determined in the action against the indemnitee as to which there was no conflict of interest between the indemnitor and the indemnitee.

The comment to this section explains the reasoning for this exception.

> . . . For example, the indemnitee [Troutt] may be charged alternatively with having acted negligently and intentionally. In such a situation, it is to the indemnitee's interest that the claim, if sustained at all, be sustained on the basis of negligence because the loss will then fall on the indemnitor, but it is to the indemnitor's interest that the claim of negligent wrongdoing be resisted because liability on that basis would fall with the obligation to indemnify.

> On the other hand, the indemnitor has a right to its day in court on whether the indemnitee's liability is within the scope of the indemnity obligation. A corollary of this right is that the indemnitor should not be estopped by steps or positions that the indemnitor may have taken in the course of performing its duty to defend the indemnitee. Hence, the usual rule that an indemnitor is precluded by the determination of issues which he litigates on behalf of an indemnitee, stated in § 57, should not apply to an indemnitor who defends, under the compulsion of an independent duty to defend, an indemnitee with whom he has a conflict of interest.

> The only way to reconcile these duties is to recognize that an indemnitor who has an independent duty to defend

the indemnitee in effect has two legal capacities with regard to the indemnitee. . . .

There was a conflict of interest between State Farm and Troutt in the first suit. The reservation of rights letter pointed out this conflict to the Troutts. The letter stated that although State Farm would provide a defense for the Troutts in the first suit, State Farm reserved its right to raise the defense of noncoverage because of the policy exclusion of liability arising from intentional acts. See also *Great American Insurance Co. v. Ratliff*, 242 F. Supp. 983 (D.C. Ark. 1965).

Appellants argue the exception should not bar the application of *res judicata* when an insurance company places itself in a position of conflict of interest. State Farm did not cause the conflict. Spears sued for damages both on the theory of negligence and intentional and willful acts.

Next, we consider whether the trial court erred in admitting Gray's confession. Lavonia Gray was called as a witness by State Farm and denied that Troutt told him to hit Spears or that he had anything to do with the beating. He repudiated his confession. After Gray testified, State Farm offered his confession through Lloyd King, a deputy prosecuting attorney. The appellants objected because it was hearsay. State Farm argued that the confession was admissible as a business record. A.R.E. Rule 803(6). The trial judge admitted the confession. Appellants argue that the confession was not a business record, and the court was wrong to admit it. Appellants concede the confession could have been introduced as a prior inconsistent statement, but only through the declarant, in this case, Gray. This permits an opportunity to cross-examine the declarant about the confession.

It is questionable whether the confession was a business record. The court of appeals has held that a public office is not a business. *Wallin v. Ins. Co. of North America*, 268 Ark. 847, 596 S.W.2d 716 (Ark. App. 1980). However, if evidence is inadmissible for one reason but admissible for another, its admission will not be error. *Lewis v. State*, 288 Ark. 595, 709 S.W.2d 56 (1986). It could have been admitted as a prior statement under Rule 801(d)(1) in this civil case. Consequently, this argument is meritless.

Finally, we consider the question of whether Nelson's former testimony is admissible. Counsel for State Farm told the trial judge, in chambers that an attempt had been made to locate Nelson in Arkansas, and he could not be found; a process server was hired to find Nelson, and he was unsuccessful; Nelson's last known address was in Wisconsin; and a subpoena was sent by Airborne Express mail to the address and returned with the note that Nelson had moved. The appellants asked if Nelson's probation officer had been contacted. The trial judge commented he should be able to verify if Nelson was available. Evidently, the trial judge called the probation officer who confirmed that Nelson was in Wisconsin. Appellants did not object to the trial judge's statement that he contacted this official.

The appellants argue State Farm did not make reasonable efforts to locate Nelson. The trial judge was satisfied that State Farm had tried to locate Nelson and declared Nelson unavailable and allowed the former testimony admitted.

A witness is considered unavailable if he is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means. A.R.E. Rule 804(a)(5). When the declarant is unavailable as a witness, his former testimony at another hearing of the same or different proceeding is not excluded by the hearsay rule if the party against whom the testimony is offered had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination. A.R.E. Rule 804(b)(1). The burden of proving the unavailability of the witness is on the party who offers the prior testimony. *Lewis* v. *State, supra.*

A trial judge does have some discretion in deciding if a good faith effort was made and whether a witness cannot be procured by process or other "reasonable means." *Satterfield* v. *State*, 248 Ark. 395, 451 S.W.2d 730 (1970). In making its determination, a trial court has some discretion to accept or reject statements and representations of counsel. *United States* v. *Sindona*, 636 F.2d 792 (2nd Cir. 1980); *Castilleja* v. *Southern Pacific Co.*, 445 F.2d 183 (5th Cir. 1971). According to Weinstein, a lesser standard of proof of unavailability is required in civil cases than in criminal cases. 4 J. Weinstein, *Weinstein's Evidence* ¶ 804(b)(1)[04] (1985). Here we cannot say the trial

court abused its discretion.

The appellants further argue the issues between the two cases are different so their opportunity to cross-examine Nelson was denied. The issue in this case is whether Troutt's acts were intentional. In the tort case their motive was to prove that Troutt was negligent in the hiring and supervision of his employees or guilty of intentional, negligent and willful and wanton conduct. "A shift in the theory of the case does not defeat admissibility when the underlying liability remains the same thereby guaranteeing cross-examination with the same purpose, . . . the purpose for which the testimony was originally offered and the purpose for which it is offered at the subsequent proceeding are so similar in nature that the incentive to cross-examine and the motive of the cross-examination are substantially the same at each proceeding." Weinstein, *supra*, at ¶ 804(b)(1)[04]. The trial judge held "the appellants' interests have not changed from that point to this point."

A trial judge has discretion to determine if a motive is similar. Weinstein, *supra*, at ¶ 804(b)(1)[02]. We cannot say the trial court abused its discretion by admitting the former testimony.

The appellants' final argument is that if the former testimony was admissible, the entire testimony should have been read to the jury instead of just excerpts. The appellants had the opportunity to offer any of the testimony but did not. An opportunity to read the remaining testimony is all that is required. Weinstein, *supra*, ¶ 804(b)(1)[01].

Affirmed.