Clarence TORAN *v.* PROVIDENT LIFE & ACCIDENT INS. CO.

88-183                    764 S.W.2d 40

Supreme Court of Arkansas
Opinion delivered January 17, 1989

416

*Kincaid, Horne & Trumbo*, by: *David Horne*, for appellant.

*Daily, West, Core, Coffman & Canfield*, by: *Wyman R. Wade, Jr.*, for appellee.

JACK HOLT, JR., Chief Justice. The issue in this appeal is whether the trial court erred in holding that appellant Clarence Toran is precluded by the doctrine of res judicata from litigating certain issues and claims made below against the appellee, Provident Life & Accident Insurance Company (Provident). We find that the trial court's decision was wrong. Accordingly, we reverse its judgment and remand the case for proceedings consistent with this opinion.

On July 1, 1974, Provident issued and delivered a long-term disability policy insuring Toran and other employees of Federal Compress & Warehouse Company. On November 2, 1978, Toran sustained serious injuries in a truck accident.

In August 1980 he became totally and permanently disabled for purposes of the policy, and on September 9, 1981, was discharged from his employment because he was physically unable to perform his job duties.

After applying for Social Security disability benefits, Toran began receiving disability payments in May of 1982. Shortly thereafter, Provident reduced his policy benefits of $576.66 per month to $149.76 per month pursuant to a policy provision permitting Provident to reduce Toran's policy benefits by the amount of Social Security benefits to which he or his dependents are entitled as a result of his disability.

Thereafter, Toran sued Provident for the total sum of the reduction, contending that Ark. Stat. Ann. § 66-3709, as amended in 1979, precluded reduction of his policy benefits. The trial court rendered judgment in favor of Toran, and Provident appealed this decision.

In *Provident Life and Accident Ins. Co.* v. *Toran*, 288 Ark.

63, 702 S.W.2d 10 (1986), we reversed the trial court's decision. In doing so, we construed § 66-3709 to permit Provident to reduce Toran's policy benefits by the amount of Social Security benefits to which he was entitled as a result of his disability, resulting in a net payment to Toran of $149.76.

In June of 1986, Provident reduced Toran's policy benefits from $149.76 to $50.00 per month. On September 1, 1986, Provident elected to pay him no further benefits, claiming an overpayment because of Social Security benefits applied for by his illegitimate children and paid directly to them.

In May of 1987, Toran filed suit against Provident alleging essentially as follows:

(1) To construe Ark. Stat. Ann. § 66-3709 to allow an insurance carrier to deny or reduce benefits because of the insured's receipt of like benefits is contrary to the legislative intent of the statute and public policy;

(2) Section 66-3709 prohibits Provident from reducing an insured's policy benefits by the amount of Social Security disability benefits received by him;

(3) Section 66-3709 prohibits Provident from reducing an insured's policy benefits by the amount of Social Security disability payments applied for and paid to his illegitimate children;

(4) Provident's policy terms and § 66-3709, as amended, prohibit reduction of insured's benefits to an amount less than $50.00 per month; and

(5) By collecting premiums to insure against total disability by its insureds with knowledge that the great majority of employee insureds who are rendered "totally and permanently disabled" will receive Social Security disability benefits, Provident in reality is providing nominal coverage or in some cases, no coverage, except for a $50.00 per month minimum provided for in the policy. This action violates public policy.

Based upon these allegations, Toran prayed for all benefits wrongfully reduced by Provident.

Thereafter, Provident filed a motion to dismiss on the grounds that Toran's action was barred by the doctrine of res judicata. The trial court granted this motion, finding that the suit was precluded by res judicata and that the complaint failed to state facts upon which relief could be granted. From this order, Toran appeals.

Toran first asserts that the trial court erred in finding he is precluded by res judicata from litigating his claim for policy benefits withheld by Provident because of Social Security benefits paid to his illegitimate children. This contention has merit.

■■ As we recognized in *Smith* v. *Roane*, 284 Ark. 568, 683 S.W.2d 935 (1985), res judicata and collateral estoppel are separate concepts. Under the doctrine of res judicata or claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Restatement (Second) of Judgments* § 19 (1982). *See also Bailey* v. *Harris Brake Fire Protection Dist.*, 287 Ark. 268, 697 S.W.2d 916 (1985); *Fish* v. *McLeod*, 206 Ark. 142, 174 S.W.2d 236 (1943). Furthermore, res judicata bars not only the relitigation of claims which were actually litigated in the first suit, but also those which could have been litigated. *Bailey, supra; Seaboard Finance Co.* v. *Wright, Admx.*, 223 Ark. 351, 266 S.W.2d 70 (1954). In contrast, the doctrine of collateral estoppel or issue preclusion bars the relitigation of issues of law or fact actually litigated by the parties in the first suit. *Smith, supra; Restatement (Second) of Judgments* § 27 (1982).

■ Toran's claim concerning policy benefits withheld by Provident because of Social Security benefits paid to Toran's illegitimate children was not litigated in the first action. In addition, it could not have been litigated in that Provident did not reduce Toran's policy benefits by the amount of Social Security benefits paid to his illegitimate children until after the first action was decided. Therefore, res judicata does not preclude Toran from litigating this matter. We reverse on this point.

Toran also argues that the trial court erred in finding that he is precluded by res judicata from litigating his claim for policy benefits denied him by Provident's reduction of his benefits from

$50.00 per month to zero. We agree.

Under the heading, "Reductions applicable to Basic Benefit Amount," the insurance policy in question provides in part that the benefit amount shall be reduced by "any periodic cash payment to which the Employee, or a dependent of the Employee is entitled as a result of the Employee's disability." In addition, it provides that "[i]n no event, however, will the employee's basic benefit amount be reduced to an amount less than $50.00."

■ Toran is not precluded from litigating his claim for policy benefits wrongfully denied by Provident's reduction of his benefits from $50.00 to zero per month. Not only was this claim not adjudicated in the first suit, it could not have been litigated since Provident did not reduce Toran's policy benefits below $50.00 until after the first case was decided.

Finally, Toran argues that the trial court erred in finding that he is precluded by res judicata from arguing that Provident's policy reduction provisions operate contrary to good public policy and are, therefore, void. We agree with Toran in part.

In May of 1982, Provident reduced Toran's policy benefit to $149.76 by subtracting the amount of Social Security benefits to which he was entitled ($426.90) from the amount of benefits due under the policy ($576.66). Toran then sued Provident for the total sum of the reduction contending that Ark. Stat. Ann. § 66-3709 precluded reduction of his policy benefits. The trial court rendered judgment in favor of Toran, and Provident appealed the decision. This court reversed the decision of the trial court, holding that such a reduction was not contrary to § 66-3709. *See Provident Life & Accident Ins. Co., supra.* Thereafter, Provident reduced Toran's policy benefits to $50.00 per month and later elected to pay him no benefits, claiming an overpayment because of Social Security benefits applied for by his illegitimate children and paid directly to them.

■ Since Toran litigated in the initial lawsuit his claim for the amount of policy benefits wrongfully denied by Provident's reduction of his benefits from $546.66 to $149.76 due to Social Security benefits received by him, he is barred by res judicata from litigating this claim in the present action. Consequently, he is precluded from making public policy arguments in support of

this claim.

■ Toran is not barred by res judicata from litigating his claim for policy benefits denied him by Provident's further reduction of his benefits from $149.76 to $50.00 in that this claim was not litigated and could not have been litigated in the first action. Furthermore, he is not barred by collateral estoppel from contending that Provident's policy reduction provisions operate contrary to public policy in support of this claim in that this issue was not adjudicated in the first action. However, he is precluded by collateral estoppel from asserting that Ark. Stat. Ann. § 66-3709 prohibits reduction of his policy benefits by the amount of Social Security benefits to which he is entitled as a result of his disability in support of this or any other claim since this issue was adjudicated and determined in *Provident, supra.*

■ In addition, Toran is not barred by res judicata from pursuing his claim for policy benefits denied him by Provident's reduction of his policy benefits from $50.00 to zero due to Social Security benefits received by his illegitimate children in that this claim was not litigated and could not have been litigated in the first suit. Moreover, he is not precluded from asserting that the policy reduction provisions in question contravene public policy in support of this claim.

Reversed and remanded for proceedings consistent with this opinion.