Dorothy WARD *v.* Donald S. DAVIS, Glidth Davis, and
Nora Ruark Wells

88-251                                                    765 S.W.2d 5

Supreme Court of Arkansas
Opinion delivered February 20, 1989

*Ed Phillips*, for appellant.

*Scott Adams*, for appellee.

STEELE HAYS, Justice. Donald and Glidth Davis owned a parcel of land in Conway County containing six acres, more or less. On September 27, 1969, the Davises conveyed a one acre portion of this property to Jimmie Wells. In 1985 the Davises conveyed to Nora Wells a 1.17 acre tract which adjoined Jimmie Wells on the south. The northern boundary of the Nora Wells tract abutted the southern boundary of the Jimmie Wells tract.

Donald S. Davis and Glidth Davis brought a quiet title suit against Jimmie Wells and Nora Wells on September 22, 1986, in Conway County Chancery Court. The parties settled the suit by stipulation, and a portion of the land previously deeded to Nora Wells was reconveyed to the Davises.

Some months later appellant Dorothy Ward acquired title to the one acre tract by warranty deed from Jimmie Wells. Subsequently she filed a petition to quiet title naming Donald Davis, Glidth Davis, and Nora Wells as defendants and alleging that the property description in the 1969 deed from the Davises to Jimmie Wells was inaccurate. She alleged that the correct description included land presently claimed by Nora Wells. The chancellor dismissed Dorothy Ward's petition, finding that it was barred under the doctrine of *res judicata*. In addition, the chancellor awarded attorney's fees of $1,590.00 to the defendants, now the appellees. Dorothy Ward appeals from these rulings.

■ We review chancery cases *de novo*, reversing the chancellor only when the findings of fact are found to be clearly erroneous or clearly against the preponderance of the evidence. *Milligan* v. *General Oil Co.*, 293 Ark. 401, 738 S.W.2d 404 (1987). ARCP Rule 52. The chancellor found that the earlier quiet title suit between Jimmie and Nora Wells and Donald and Glidth Davis had determined the ownership and the boundaries of the property at issue in this case, and therefore he dismissed the appellant's suit under the principle of *res judicata*. *Res judicata* has been applied in quiet title cases in Arkansas. *Phelps* v. *Justiss Oil Co.*, 291 Ark. 538, 726 S.W.2d 662 (1987); *Kirby* v. *Hedgepeth*, 246 Ark. 260, 437 S.W.2d 807 (1969). After *de novo* review, we affirm the chancellor.

■ Recently, in *Swofford* v. *Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988), we set out the elements of *res judicata* which must be present in order to hold that a prior action bars relitigation in a subsequent suit. The claim preclusion aspect of the doctrine bars relitigation in a subsequent suit when: (1) the first suit resulted in a judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or a cause of action which was litigated or could have been litigated but was not; and (5) both suits involve the same parties or their privies. At issue in this case are elements four and five.

■ As to the matter of privity, the first quiet title suit concerning the property in dispute was styled *Donald S. Davis and Glidth Davis* v. *Jimmie Harold Wells and Nora Wells*. Although appellant was not a party to that action, Jimmie Wells, appellant's predecessor in title, was a party to the action. We recognized in *Phelps* v. *Justiss Oil Co.*, 291 Ark. 538, 726 S.W.2d 662 (1987), that a successor in interest may be considered in privity with her predecessor so that relitigation of title to land could be barred. Quoting from the Restatement 2d, *Judgments*, § 43(b) (1980), this court noted that a judgment in an action that determines interests in real or personal property has preclusive effects upon a person who succeeds to the interest of a party to the same extent as upon the party himself. Therefore, privity exists between the parties of both lawsuits.

Turning to whether Jimmie Wells (and, hence, the appellant) would be precluded from relitigating this action because both suits involve the same claim or cause of action which was litigated or could have been litigated in the earlier suit, the answer is clear. The quiet title decree entered in that suit concerned a deed from the Davises to Nora Wells in which Nora Wells deeded back a portion of land to the Davises.

Appellant Ward in this quiet title action alleges that the deed given to her by Jimmie Wells did not accurately describe her tract of land. However, it is clear that the portion of land now claimed by her was involved in the first lawsuit. As a defendant in the former action, Jimmie Wells made no claim to this disputed portion of land even though he was in a position to assert such a claim. In *Wilson* v. *Dyess Farms*, 74 F. Supp. 990 (E.D. Ark. 1948), the court stated that the defendant in a quiet title action should "set up every defense and every claim of title which he then has. . . ." Because the claim to the disputed property could have been litigated by Jimmie Wells in the former action, the appellant, as successor in interest to Wells, is now precluded from relitigating this issue.

The appellant also challenges the chancellor's award to the appellees of attorney fees of $1,590.00 pursuant to Act 601 of 1987 ([Ark. Code Ann. § 16-22-309 (1987)]. Act 601 authorizes attorney fees for a prevailing party where the court finds a complete absence of a justiciable issue. The appellant points out that her petition to quiet title was filed on May 6, 1987, whereas Act 601 did not take effect until July 20, 1987. Therefore, she maintains, the act has no application to a pending case.

The appellee counters with the argument that Act 601 does not disturb vested rights or create new obligations, and is therefore procedural rather than substantive in nature. Procedural statutes operate retroactively as well as prospectively. *City Machine Works* v. *Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981); *Safeway Stores* v. *Shwayden Brothers*, 238 Ark. 768, 384 S.W.2d 473 (1964); *Harrison* v. *Matthews*, 235 Ark. 915, 362 S.W.2d 704 (1962). However, we note that in *Aluminum Co. of America* v. *Neal*, 4 Ark. App. 11, 626 S.W.2d 620 (1982), the Court of Appeals examined this question in depth and reasoned persuasively that legislation affecting attorneys' fees in workers'

compensation cases, being remedial, operates retroactively.

It could, perhaps, be argued that the legislative history and benevolent intent behind workers' compensation distinguish it from legislation making provision for attorneys' fees where it had not previously existed and on a broad spectrum affecting litigation in general. But we need not reach that issue, because the answer is readily found in the language of Act 601. The act (Section 1) empowers the trial court to award attorneys' fees where there is a complete absence of a justiciable issue unless there is a voluntary dismissal or an amended pleading within a reasonable time after the attorney or party knew or reasonably should have known, he would not prevail. Section 3 reads as follows:

> In order to find an action, claim, setoff, counterclaim or defense to be lacking a justiciable issue of law or fact, the court must find that the action, claim, setoff, counterclaim or defense was commenced, used *or continued* in bad faith, solely for purposes of harassing or maliciously injuring another, or delaying adjudication without just cause, or the party or the party's attorney knew, or should have known, that the action, claim, setoff, counterclaim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law. [Our emphasis.]

The act became effective on July 20, 1987, and at that point in time the appellees had filed their answer pleading res judicata and specifically citing the earlier litigation between the Davises and the Wellses. The case was not tried until October. Thus the appellant had ample time after the effective date of Act 601 to determine the merit, or lack thereof, of her position in light of existing law. We conclude that although the *filing* of the petition may not have triggered the application of Act 601, the *continuation* of the suit beyond a reasonable time after the act became effective rendered the appellant subject to its terms.

Finally, under the language of Act 601 we review de novo the basis for the award of attorney's fees on the record of the trial court alone, nevertheless, even in de novo review, it is our duty and practice to affirm the chancellor's decree if it is not against the weight of the evidence. *Mosley* v. *McDavid*, 250 Ark.

735, 466 S.W.2d 922 (1971). We cannot say his finding of a complete absence of a justiciable issue was clearly erroneous and, accordingly, we affirm.