AMERICAN STANDARD, INC. *v.* MILLER ENGINEERING, INC., and Worldwide Air Conditioning Service

89-131                                    772 S.W.2d 344

Supreme Court of Arkansas
Opinion delivered July 3, 1989
[Rehearing denied September 11, 1989.]

*Wright, Lindsey & Jennings*, for appellant.

*Arnold, Grobmyer & Haley, A Professional Association*, and *McHenry, Choate & Hartsfield*, for appellees.

ROBERT H. DUDLEY, Justice. Appellees, Miller Engineering, Inc. and Worldwide Air Conditioning Service, Inc., the successor to Miller Trane Service Agency, filed this suit in chancery court seeking a mandatory injunction forcing appellant, American Standard, Inc., the successor to the Trane Company, to repurchase the inventory of Trane air conditioning parts owned by appellees. Appellant, American Standard, moved for summary judgment and argued that a prior suit between the parties made the suit res judicata. Appellees also moved for summary

judgment and argued that the outcome of the earlier suit entitled them to the injunction. The chancellor granted summary judgment in favor of the appellees. Appellant appealed to the court of appeals. That court certified the case to this court for the construction of the Arkansas Franchise Practices Act. We reverse the judgment and dismiss the appellees' complaint.

The Trane Company, appellant's predecessor, and Miller Engineering, Inc., and Miller Trane Service Agency, the predecessor of Worldwide Air Conditioning Service, Inc., appellees, had a franchise relationship from 1969 to 1983. Miller Engineering acted as Trane's franchise agent for sales of its commercial air conditioning equipment for most of Arkansas. Miller Trane Service Agency served as the service company for Miller Engineering and supported the air conditioner sales by servicing the Trane equipment and selling Trane parts. In 1983, Trane terminated the franchise, and in 1984, filed suit against Miller Engineering and Miller Trane alleging that Trane was owed $142,791.91 for the sale of goods on open account.

Miller Engineering and Miller Trane Service Agency counterclaimed against the Trane Company, contending that the termination of the parties' contractual relationship was in violation of the Arkansas Franchise Practices Act. The two companies sought damages from Trane for the wrongful termination of their franchise. The lawsuit was tried in circuit court on April 8-11, 1986. The court directed a verdict in favor of Trane against Miller Engineering for $958.50 on the suit on open account and in favor of Trane against Miller Trane Service Agency for $138,134.97 on the suit on open account. The court also directed a verdict in favor of Miller Engineering against Trane for $11,950.54, for sales commissions due that had not been paid. The rest of the case was submitted to the jury. The jury returned a verdict for Miller Trane Service Agency for $50,000 for Trane's violation of the Arkansas Franchise Practices Act. Likewise, the jury returned a verdict for Miller Engineering for $150,000 for Trane's violation of the Act. In awarding the damages, the jury was instructed to determine whether Trane had breached the Arkansas Franchise Practices Act and whether the appellees had suffered damages as a result of that breach. The jury was instructed, among other things, that the fair market value of the businesses was their value immediately before and immediately

after the termination of the franchise. Thus, the value of the franchise parts could have been considered in calculating the damages suffered by Miller Engineering and Miller Trane.

Miller Engineering and Miller Trane Service Agency moved for their costs and attorneys' fees under the Act, and the trial court awarded them attorneys' fees of $21,857.12 and costs of $7,968.46. Trane appealed the trial court's decision to the Arkansas Court of Appeals. The court of appeals affirmed the judgments on November 11, 1987, in an unpublished opinion. *Trane Co.* v. *Miller Engineering, Inc.*, CA 87-58 (Ark. Ct. App. Nov. 11, 1987).

In September 1986, five months after completion of the first suit, Miller Engineering and Miller Trane Service Agency's successor, Worldwide Air Conditioning Service, filed this suit against Trane in Pulaski County Chancery Court, seeking a mandatory injunction ordering Trane to repurchase the inventory of Trane parts owned by Worldwide. Miller Engineering also asked for additional commissions owed to it, and Worldwide sought to recover for repair work it had performed on behalf of Trane. Trane's successor, American Standard, Inc., moved for summary judgment, contending that the first lawsuit between the parties barred any future claims by Worldwide or Miller Engineering arising out of the same transactions or relating to the same claim. Worldwide and Miller Engineering also moved for summary judgment, contending that the determination in the first lawsuit that their franchise had been wrongfully terminated entitled them to the additional remedy of repurchase, pursuant to the Arkansas Franchise Practices Act. The chancellor denied American Standard's motion for summary judgment, but granted that of Miller Engineering and Worldwide. American Standard now appeals from the chancellor's decision. We reverse the judgment and dismiss appellees' complaint.

The claim preclusion part of the doctrine of res judicata provides that a subsequent suit is barred when it involves the same subject matter as a prior suit between the same parties. *Swofford* v. *Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988). The bar extends to questions of law and fact that either were or could have been determined in the first action. *Swofford, supra.* Under this doctrine, relitigation in a subsequent suit is barred when (1)

the first suit resulted in a judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action which was litigated or could have been litigated but was not; and (5) both suits involve the same parties or their privies. *Swofford, supra; Bailey* v. *Harris Brake Fire Protection Dist.*, 287 Ark. 268, 697 S.W.2d 916 (1985). We have said in several cases that the test in determining whether res judicata applies is whether the matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein. *Gyngard* v. *Garner*, 238 Ark. 415, 382 S.W.2d 369 (1964). We have also said that when the case at bar is based on the same events and subject matter as the previous case, and only raises new legal issues and seeks additional remedies, the trial court is correct to find the present case barred by res judicata. *Swofford, supra.*

The appellees argue that the doctrine of res judicata is not applicable to this second suit because their claim did not arise and could not be asserted under the Arkansas Franchise Practices Act until after the first case was completed. The argument is without merit.

A part of the Act, Ark. Code Ann. § 4-72-209 (1987), provides that "upon termination of any franchise by a franchisor without good cause, the franchisor shall, at the franchisee's option, repurchase . . . the franchisee's inventory, supplies, equipment, and furnishings purchased by the franchisee from the franchisor or its approved sources . . . ." The auxiliary remedy of repurchase is triggered by "termination without good cause," not by a judgment of such termination. There is no language in other sections of the Act which provides that the right to the auxiliary remedy of repurchase is to be exercised only after the right to some initial remedies is exercised, and there is no language implying such a legislative intent. Accordingly, the doctrine of res judicata is applicable, and we reverse and dismiss the appellees' complaint.