Willis ROBINSON *v.* Charles BUIE, et al.

91-135                                            817 S.W.2d 431

Supreme Court of Arkansas
Opinion delivered October 28, 1991

*Art Dodrill*, for appellant.

*Charles Buie*, pro se.

TOM GLAZE, Justice. This case arises from the appellant Willis Robinson's purchase of two allegedly defective automotive

heads from Charles Buie's business, Advanced Head Service. These two automotive heads were installed into a new engine block, and when the engine was started, a valve fell from the head causing extensive damage to the engine. Appellant filed suit, alleging breach of contract and warranty and naming Advanced Head Service as the only defendant. Service of process was made on Todd Bowie, apparently an employee of Advanced Head Service. Except for a short time when Advanced Head Service was represented by an attorney, all of its pleadings were signed, Charles Buie, pro se, for Advanced Head Service, defendant. The appellant was awarded a default judgment against Advanced Head Service for $685.65 plus court costs.[1]

The appellant subsequently could not execute on his judgment, because Advanced Head Service had gone out of business and had no assets. Thus, appellant then filed postjudgment motions under ARCP Rule 60(b) requesting that the trial court amend the judgment to make Charles Buie a party or to set aside the judgment to prevent a miscarriage of justice. Buie responded to appellant's motions, stating no fraud was committed on the court, no mistake was made by the defendant, and no error was committed by the court, thus, the judgment must stand. The trial court denied the appellant's postjudgment motions, and the appellant did not appeal that ruling.

Instead, on October 3, 1990, the appellant filed another lawsuit this time against Charles Buie and all of his businesses, including Advanced Head Service. In this complaint, appellant incorporated by reference the pleadings contained in the prior complaint against Advanced Head Service and added allegations of fraud and deceit pertaining to Buie's relationship and ownership of Advanced Head Service. Specifically, he alleged and argued that, when Buie appeared pro se for Advanced Head Service, he made himself a party to the suit; in the alternative, he claims Buie engaged in the unauthorized practice of law, because a layman cannot represent another. Buie responded, seeking dismissal of appellant's second complaint on the basis of res

---

[1] When entered, the judgment erroneously contained Mr. Buie's name in the style of the case, but Buie's name was later excluded when the trial court granted Buie's motion to amend the judgment.

judicata and collateral estoppel. The trial court agreed with Buie, and granted his motion to dismiss. Appellant challenges the court's dismissal order in this appeal. We affirm.

■■ Under the doctrine of res judicata or claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Toran* v. *Provident Life & Accident Ins. Co.*, 297 Ark. 415, 764 S.W.2d 40 (1989). Privity of parties within the meaning of res judicata means "a person so identified in interest with another that he represents the same legal right." *Spears* v. *State Farm Fire & Casualty Ins.*, 291 Ark. 465, 725 S.W.2d 835 (1987). Res judicata bars not only the relitigation of claims which were actually litigated in the first suit, but also those which could have been litigated. *Id.* Collateral estoppel or issue preclusion bars the relitigation of issues of law or fact actually litigated by the parties in the first suit. *Id.*

■ The appellant's claims of breach of contract and warranty were litigated and decided in his favor in the first suit against Advanced Head Service. Now, the appellant attempts to argue these same claims against Buie and his businesses, including Advanced Head Service. Evidently, the appellant for whatever reasons chose not to join Buie as a party defendant in the first suit, but tried later to correct that omission or mistake by refiling his suit against Buie. Clearly the appellant is barred from relitigating his claim of breach of contract and warranty which had already been decided in his favor in his first action.

■ Likewise, the appellant's allegation of fraud against Buie is also barred by res judicata. The appellant moved to have the judgment amended or set aside to prevent a miscarriage of justice under Rule 60(b). In Buie's response, he stated that there was no mistake, fraud or miscarriage of justice present and thus the judgment should stand. In the trial court's order denying the appellant's post-judgment motions, the judge specifically mentioned reviewing Buie's response. Thus, there is every indication that the trial judge specifically considered the possibility of fraud when denying the appellant's motions. However, even if the trial judge did not consider allegations of fraud when he denied appellant's motions, the appellant could have made his fraud

argument against Buie in his first lawsuit. Under ARCP Rule 60(b) and (c)(4), a judgment may be vacated which has been obtained by fraud. *See Brown* v. *Kennedy Well Works*, 302 Ark. 213, 788 S.W.2d 948 (1990). Throughout the first lawsuit, Buie filed pleadings on Advanced Head Service's behalf but signed the pleadings, "Charles Buie, pro se." The facts and issues available to appellant when he filed his second lawsuit are the same as existed during the first action and at the time he filed his post-judgment motions. Thus, since the appellant could have made his fraud argument before, he is barred from doing so now.

For the reasons stated above, we affirm.