ARKANSAS LOUISIANA GAS COMPANY, a Division of Arkla, Inc.; Arkla Exploration Co., Arkoma Production Co.; Stephens Production Company and Stephens, Inc. *v.* David P. TAYLOR

92-581                                                       858 S.W.2d 88

Supreme Court of Arkansas
Opinion delivered July 12, 1993

*Daily, West, Core, Coffman & Canfield,* by: *Jerry L. Canfield,* for appellant Arkansas Louisiana Gas Company.

*Ball & Mourton, Ltd.,* by: *E.J. Ball* and *Andy E. Adams,* for appellant Stephens, Inc..

*Charles S. Chambers* and *Turner & Mainard,* by: *James C. Mainard,* for appellee.

DALE PRICE, Special Chief Justice. At issue in this case is whether a decision in a federal court case operates as res judicata to bar the litigant from participating as a passive claimant in a subsequent class action suit brought in state chancery court.

In 1983, appellee Taylor filed a complaint in federal court in the Western District of Arkansas seeking to cancel or reform

thirty-one (31) of his oil and gas leases, twelve (12) of which are included in the present suit. Taylor also requested other relief that was substantially the same as that requested in the present litigation.

A thirteenth lease between the parties known as the Stubblefield Lease was in existence at the time of the federal litigation, but was not included in the 1983 federal court suit. It was, however, stipulated that the Stubblefield Lease was not only in existence, but that gas wells located on the existing drilling unit were in production when the federal court suit was litigated. The district court found in favor of the appellants, and the Eight Circuit Court of Appeals affirmed. *Taylor* v. *Arkansas Louisiana Gas Co.*, 604 F. Supp. 779 (W. D. Ark. 1985), *aff'd*, 793 F.2d 189 (8th Cir. 1986).

In 1986, several other mineral rights owners of the Cecil Gas Field with identical fixed rate leases filed suit against the appellants in Franklin County Chancery Court. Three separate actions were filed, and all were consolidated into one class action. A representative plaintiff was named, and the court certified the lessors as a class under ARCP Rule 23. Appellee was a member of the class. The class was defined as:

> All those persons holding an interest as lessor in "fixed-price" leases in the Cecil Gas Field, located in Franklin, Sebastian and Crawford Counties, Arkansas, and whose interests are affected by "new" wells drilled by any of the Defendants from and since December 31, 1982, including wells to be drilled in the future during the pendency of this action.

The issues, grounds, and relief sought in the class action suit were substantially the same as in Taylor's complaint filed in 1983.

The appellants answered the complaint with various defenses. They specifically pled that Taylor could not participate in the class action because his rights in the leases had been settled by the federal court, and, therefore, Taylor's claims were barred by res judicata and collateral estoppel.

On December 13, 1989, the trial court entered an interim decree which found that the parties' actions over the years effectively modified the "fixed-price" leases into "market-value"

leases. The parties then voluntarily entered into a class-action settlement which provided that payment to Taylor was subject to his class claim not being barred by res judicata.

Appellants filed a motion for summary judgment to determine whether Taylor's participation in the class was barred. The chancellor ruled that the federal court's decision did not involve the three wells located in a drilling unit that was not included in the federal suit. The chancellor also ruled that appellee's participation in the class action with respect to wells that were not in the 1983 suit was an additional reason why appellee was not barred by res judicata.

The court denied appellants' motion for summary judgment. Taylor then filed his own motion for summary judgment. The appellants filed a motion to reconsider their own motion for summary judgment. By agreement of the parties, Stephens's and Arkla's motion for reconsideration and Taylor's motion were submitted to the court for decision on stipulated facts. The trial court granted Taylor's motion for summary judgment and denied Stephens's and Arkla's motion for reconsideration. The order was entered on January 21, 1992, and Stephens and Arkla appeal to this court.

Appellants argue that Taylor is precluded from participation in the settlement agreement by the doctrine of res judicata. This court restated the general rules relating to res judicata in *Robinson* v. *Buie*, 307 Ark. 112, 114, 817 S.W.2d 431, 432-33 (1991), as follows:

> Under the doctrine of res judicata or claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. [Citation omitted.] Privity of parties within the meaning of res judicata means "a person so identified in interest with another that he represents the same legal right." *Spears* v. *State Farm Fire & Casualty Ins.*, 291 Ark. 465, 725 S.W.2d 835 (1987). Res judicata bars not only the relitigation of claims which were actually litigated in the first suit, but also those which could have been litigated.

As stated earlier, Taylor owned thirteen (13) "fixed rate" gas leases at issue here. Twelve (12) of the leases were at issue and litigated in the federal court action, while the thirteenth — the Stubblefield Lease — was in existence when that case was litigated. Some wells on the Stubblefield Lease were in production at the time the federal court suit was litigated and could have been included in the federal litigation, but appellee failed to do so.

■ Appellants take the position that Taylor's present claim for relief could have been raised by him in *Taylor* v. *Arkansas Louisiana Gas Co.,* 604 F. Supp. 779 (W.D. Ark. 1985), and the judgment rendered against Taylor in that case constitutes a complete bar to any recovery in this case. We agree.

> [T]he test in determining whether res judicata applies is whether matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein. . . . [W]hen the case at bar is based on the same events and subject matter as the previous case, and only raises new legal issues and seeks additional remedies, the trial court is correct to find the present case is barred by res judicata.

*American Standard* v. *Miller Eng'g,* 299 Ark. 347, 351, 772 S.W.2d 344, 346 (1989).

■ In *Ward* v. *Davis,* 298 Ark. 48, 765 S.W.2d 5 (1989), we set forth the required elements for res judicata to apply. We stated:

> The claim preclusion aspect of the doctrine bars relitigation in a subsequent suit when: (1) the first suit resulted in a judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or a cause of action which was litigated or could have been litigated but was not; and (5) both suits involve the same parties or their privies.

*Id.* at 50, 765 S.W.2d at 6. The chancellor relied upon *Harris* v. *Whitworth,* 213 Ark. 480, 211 S.W.2d 101 (1948), in holding that the 1986 federal court decision did not constitute res judicata or collateral estoppel. The chancellor found additional support for his ruling that res judicata did not apply in the fact that this

was a class action, that three of the wells had not been drilled at the time of the 1986 federal court decision, and that the three wells were not mentioned in the federal court opinion.

The *Harris* case, upon which the chancellor relied, was a probate case and is distinguishable on its facts. Those facts were that Ancel Harris sued the administrator of his father's estate alleging a partnership with his father and asked that he be given possession of the partnership assets to wind up the partnership affairs. Ancel next filed suit against his brother and sister seeking specific performance of one contract between himself and his father that allegedly was an agreement to convey a small farm to him. Both cases were dismissed for failure of proof on February 1, 1986, and were appealed. Ancel thereafter filed a claim against his father's estate on April 1, 1946, before the affirmance of the decisions by this court. No formal plea of res judicata was interposed, although it was insisted that the affirmance by this court constituted a bar since the witnesses and testimony were substantially the same as in the first two cases.

We held that despite Ancel Harris's failure to establish an express contract and having been mistaken about the proper action he should have brought, he still had a right to seek to recover from the estate on a quantum meruit basis. The chancellor in this case also cites 46 Am. Jur. 2d *Judgments*, § 402 (1969), which reads:

> The doctrine of res judicata may be said to adhere in legal systems as a rule of justice. Hence, the position has been taken that the doctrine of res judicata is to be applied in particular situations as fairness and justice require and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.

We hold that there is no injustice or unfairness involved. Taylor had a full and fair trial in the federal district court and a full and fair appeal of the adverse judgment rendered against him. He also could have litigated the Stubblefield Lease had he so chosen.

There have been no Arkansas cases decided on the issue of whether being certified as a member of a class would in and of itself nullify the application of the doctrine of res judicata. We

adopt the position that res judicata can prevent a person from being certified as a class member in a class action. In *McDonald* v. *Heckler*, 612 F. Supp. 293 (D.C. Mass. 1985), disability claimants brought an action challenging certain policies of the Secretary of Health and Human Services. The Secretary moved to dismiss the action, and the claimants moved for class certification. One of the Secretary's arguments for dismissal was that certain claimants who had previously appealed a denial of their benefits to the courts and received a final decision in that proceeding were barred under res judicata from participating in the class action. The federal court held that the claims of those proposed class members who had appealed their denial of benefits to the courts and received a final court decision were barred from participating in the class action by res judicata.

The chancellor should have granted appellant's motion for summary judgment and dismissed Taylor's claim.

Reversed and dismissed with prejudice.

HOLT, C.J., and BROWN, J., not participating.

DUDLEY, NEWBERN, and CORBIN JJ., concur.

DAVID NEWBERN, Associate Justice, concurring. The result reached by the Court's opinion has my wholehearted support. Just as wholeheartedly, however, I must disagree with the rationale expressed. The correct basis of the opinion should be collateral estoppel and not *res judicata.*

Since our decision in *Smith* v. *Roane*, 284 Ark. 568, 683 S.W.2d 935 (1985), we have struggled, with some success, to keep the distinction between the two doctrines clear in our minds and thus clear in application. *See Toran* v. *Provident Life Ins. Co.*, 297 Ark. 415, 764 S.W.2d 40 (1989); *East Texas Motor Freight Lines, Inc.* v. *Freeman,* 289 Ark. 539, 713 S.W.2d 456 (1986); *Bailey* v. *Harris Brake Fire Protection Dist.*, 287 Ark. 268, 697 S.W.2d 916 (1985). I fear this decision is a step back into the past when we tended not to know the difference.

*Res judicata* does not apply here because the Stubblefield lease is a transaction separate from the others which were sued upon earlier. The majority opinion citation of language from *Robinson* v. *Buie*, 307 Ark. 112, 817 S.W.2d 431 (1991), is inapposite because the Stubblefield lease could not have been

litigated in the previous action for the reason that it was not sued upon. While that may seem an overly simplistic statement, nothing in the law requires that a party having more than one claim, arising from separate transactions, bring all the claims at one time.

Equally inapposite is the language cited from *American Standard* v. *Miller Engineering,* 299 Ark. 347, 772 S.W.2d 344 (1989). This is not a case where the second suit was based on the same "event" or "subject matter" as the previous litigation. It was an entirely different lease; an entirely different transaction although the same issue was involved in the previous litigation as is involved here.

The Restatement of Judgments 2d, § 24., in speaking of claim preclusion, another name for *res judicata,* states:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18,19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

> (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Here are two illustrations given under § 24 of the Restatement of series of connected transactions:

> A brings an action against B Co., a street railway company, alleging that the motorman was negligent in starting the car while A was alighting and that as a result A broke his arm. After a verdict and judgment for A, A brings a new action against B Co. alleging that after alighting from the car he fell into a trench negligently left by B Co. beside the road and broke his leg. The action is precluded.

On the false accusation that A was engaging in disorderly conduct at a racetrack, B Co., the owner of the track, caused A in successive acts to be assaulted, slandered, physically detained, and prosecuted criminally. A sues B Co. for the assault and slander. If a judgment is rendered that extinguishes the claim, A may not maintain a second action for the detention or for malicious prosecution.

While a plaintiff may not split a cause of action, it is obvious in a case such as this that he has more than one cause of action. Comment *h*. to § 24 of the Restatement gives this explanation:

> *h. Joinder of multiple claims.* As provided in this Section, a plaintiff who brings an action upon part of a claim and succeeds or loses on the merits may not sue to recover upon the rest of the claim. Thus the plaintiff is under some compulsion not to split a claim. There is no like compulsion on a plaintiff who has a number of claims against a defendant to join them in a single action; he may join them if he wishes, but he is not obliged to do so out of fear that he will lose any claims that he omits to join. Joinder of multiple claims is permissive, not compulsory. Rule 18(a) of the Federal Rules of Civil Procedure is typical. It provides: "*Joinder of claims.* A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as he has against an opposing party."

> This still leaves the possibility that a plaintiff, actually having a single claim but mistakenly believing that he has a number of them, may commence a limited lawsuit and then run afoul of the rule against splitting. A plaintiff must take this risk into account in framing his action.

* * *

Arkansas R. Civ. P. 18(a) is not different from F.R.C.P. 18(a) in any way that would be significant here.

In my view, the facts of this case fit squarely within the concept of collateral estoppel as that doctrine is described in Restatement of Judgments 2d, § 27:

When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

The issue now before us was litigated between these parties in the federal proceedings. The decisions there were essential to the judgment rendered. The doctrine of collateral estoppel applies, and Mr. Taylor is precluded from relitigating them.

DUDLEY and CORBIN, JJ., join in this concurrence.