The Honorable Mark Stodola Prosecuting Attorney Sixth Judicial District P.O. Box 1979 Little Rock, AR 72203
Dear Mr. Stodola:
This is in response to your request for an opinion concerning Act 550 of 1993, which was designed to establish sentencing policies and standards, and to create the Arkansas Sentencing Commission. As you have noted, Section 7 of Act 550 amended A.C.A. § 5-4-501
to lower the minimum sentence range for habitual offenders to the minimum penalties which are allowed for the underlying felony offenses committed by a defendant. Your questions in regard to Section 7 of the act are paraphrased below and answered in the order posed.
1. When does Section 7 of Act 550 take effect?
 2. Once Section 7 takes effect, does its habitual punishment sentencing provisions apply to offenders who commit crimes after the effective date or to those who are sentenced after the effective date?
It is my opinion, in response to your first question, that Section 7 of Act 550 became effective July 1, 1993.
As you have noted, Act 550 contains an emergency clause which indicates that the act was to take effect March 16, 1993. There is, however, a different effective date which is specified for Section 7. The act reads in pertinent part that "Arkansas Code Annotated 5-4-501 is amended efective (sic) July 1, 1993. . . ." Because Section 7 of the act carries a specified effective date, that section takes effect on that date, i.e., July 1, 1993.See Fulkerson v. Refunding Board, 201 Ark. 957,147 S.W.2d 980 (1940).
It is my opinion, in response to your second question, that Section 7 of Act 550 may be applied to those who commit crimes on and after July 1, 1993.
Application of the reduced sentencing provisions to habitual offenders who committed their offense prior to the effective date of the act, but who are subsequently sentenced after the act became effective, would result in a retroactive application of Section 7 of the act. For the following reasons, it is my opinion that Section 7 was not intended to apply retroactively.
In construing statutes, it is the duty of the court to ascertain the intention of the legislature. Steele v. Gann, 197 Ark. 480,123 S.W.2d 520 (1939). Therefore, the first place one must look to determine whether Section 7 of Act 550 is to have retroactive effect is the statute itself. If an intention is clearly expressed that the act be either retroactive or prospective only, that intention will be given effect. I cannot, however, glean any satisfying evidence of legislative intent from the language of Section 7 of Act 550. It simply does not speak to whether the statute is to have retroactive or prospective effect. This being the case, one must look to applicable rules of statutory construction and to relevant Arkansas case law to determine when the new act will apply.
Legislative enactments will ordinarily be deemed to apply prospectively only, unless the intent for retroactive application is clearly expressed or necessarily implied. See e.g.,Arkansas Rural Med. Prac. Student Loan Scholarship Bd. v.Luter, 292 Ark. 259, 729 S.W.2d 402 (1987); Abrego v. UnitedPeoples Fed. Sav. Loan, 281 Ark. 308, 664 S.W.2d 858 (1984). The presumption against retroactive application of a legislative act also indicates that legislation will not be construed as retroactive when it may reasonably be construed otherwise. Lucasv. Handcock, Adm'x., 266 Ark. 142, 583 S.W.2d 491 (1979). Other rules of statutory construction indicate the presumption that statutes affecting substantive matters apply prospectively only, unless a contrary intent is clearly expressed. Huffman v.Dawkins, 273 Ark. 520, 622 S.W.2d 159 (1981). Procedural statutes, on the other hand, operate retroactively as well as prospectively. Ward v. Davis, 298 Ark. 48, 765 S.W.2d 5 (1989). These rules apply especially with reference to amendatory acts.
With regard to the amendment of criminal statutes, A.C.A. §5-1-103(e) (1987) states that:
 When all or part of a statute defining a criminal offense is amended or repealed, the statute or part thereof so amended or repealed shall remain in force for the purpose of authorizing the prosecution, conviction, and punishment of a person committing an offense under the statute or part thereof prior to the effective date of the amending or repealing act.
Additionally, A.C.A. § 1-2-120(b)-(c) (1987) states that:
 (b) When any criminal or penal statute is repealed, all offenses committed or forfeitures accrued under it while it was in force shall be punished or enforced as if it were in force, notwithstanding the repeal, unless otherwise expressly provided in the repealing statute.
 (c) No action, plea, prosecution, or proceeding, civil or criminal, pending at the time any statutory provision is repealed shall be affected by the repeal but shall proceed in all respects as if the statutory provision had not been repealed.
In Sutherland Statutory Construction, Vol. 1A, 200, § 22.36, the author states:
 In determining the effect of an amendatory act on transactions and events completed prior to its enactment, it is necessary to distinguish between provisions added to the original act by the amendment, provisions of the original act repealed by the amendment, and provisions of the original act reenacted thereby. In accordance with the rule applicable to original acts, it is presumed that provisions added by the amendment affecting substantive rights are intended to operate prospectively. Provisions added by the amendment that affect substantive rights will not be construed to apply to transactions and events completed prior to its enactment unless the legislature has expressed its intent to that effect or such intent is clearly implied by the language of the amendment or by the circumstances surrounding its enactment.
A review of the 1993 amendment to A.C.A. § 5-4-501 indicates that Section 7 of Act 550 is not given retroactive effect. There is no language from which a legislative intention that the act should have retroactive effect can be implied. And A.C.A. §§ 5-1-103(e) and 1-2-120(b)-(c) indicate that offenses committed prior to the time of the enactment are to be punished as if the law had not been amended. Additionally, the presumption of non-retroactivity, coupled with the apparent lack of intent to apply this statute to those who had committed crimes prior to the effective date of the act, yet are sentenced after it became effective, compel me to conclude that the act does not apply retroactively. Accordingly, the reduction in penalties for habitual offenders may be applied only to those who commit crimes after the effective date of the act; i.e., July 1, 1993.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh