CHASTAIN *v.* HALL.

Opinion delivered December 15, 1930.

*Finis F. Batchelor* and *Starbird & Starbird,* for appellant.

*Partain & Agee,* for appellee.

MEHAFFY, J. Appellant filed suit in the Crawford Circuit Court for the value of certain crops raised on appellant's land. Appellant had entered into an oral contract with his relative, Ed Rogers. Rogers was in bad health and made an agreement with appellee by which he sold the hay and the use of the pasture to appellee. The appellant testified in substance that Rogers agreed to cultivate such of the farm as he could and to take pay for any improvements he might make out of the rent, and that the payment of the rent was to be made to appellant; that he did not rent Rogers any hay lands. He testified that he knew there was three times as much land as Rogers could cultivate.

Appellant went with Jim Holland to the farm and knew that Holland was thinking of buying Rogers' crop. Appellee was present at the time, and Rogers told appellant that he had given all the Johnson grass to appellee. When Hall purchased the crop, he took possession and mowed the meadow, but no one had a right to cut the meadow without talking to appellant, and $50 would have been a reasonable price for the hay cut; doesn't know how many apples there were but understood that they were worth 75 cents a bushel; thought there was 100 or 150 bushels. He did not claim any part of the crop, but claimed that for use of the pasture he should have $50 and for the hay $50. Rogers was to make certain repairs. The only thing said about rent was that Rogers might take pay for his work out of rent. Rogers told appellant he was going to sell to Hall. Appellant sent John Myers to get some apples, and he got some apples

and a few cantaloupes. Rogers, who made the contract with appellant, testified that he had the place and lived there about three months. He was to have all he made and they were to divide the apples equally. He was to pay no rent, that he had made some improvements and sold what he had there to appellee. He did not remember that he agreed with appellant to take any pay for work out of the crop. There was nothing said about anything except the apples; told appellant that appellee was there to cut the Johnson grass. He got five bushels of apples. He did nothing to the meadow except fix a little fence.

Appellee Hall testified that when Rogers got sick he bought his crop and pasture and had already bought the hay; bought everything except the apples; gathered five bushels of apples.

Appellant told appellee that he ought to have some of the crop and appellee told him to help himself. Witness testified that Myers took about everything away. When asked if Myers got some peanuts, he said no, but that he got about everything else.

There were other witnesses who testified, but we do not deem it necessary to set out their testimony.

The court then on its own motion gave the jury the following instructions:

"1. Gentlemen of the jury, the plaintiff sues defendant for use and rent, especially for the hay and pasture, of certain farm lands. Defendant admits he used the premises for pasture and received the hay. Defendant denies he owes anything, but charges he purchased the use of the premises for pasture and hay from Ed Rogers.

"2. You will find for the plaintiff the reasonable value of the hay that you find was produced on the premises, and the reasonable value of the use of the pasture as used by defendant, not to exceed the sum of $125, unless you find he purchased it from Ed Rogers and that Rogers had a right to sell.

"3. The plaintiff contends that he was to have half of the apples. Defendant admits he was to have half of the apples. Plaintiff contends that he did not receive half of the apple crop. If you find that he didn't, and the failure was caused by defendant, Hall, then plaintiff would be entitled to half the apple crop, less that he did receive."

Appellant contends for a reversal of the case because he says if Rogers was to pay no rent he was not a tenant, but a mere licensee. However, Rogers was to make some improvements. and the undisputed proof shows that he did make some improvements. Moreover, one could be a tenant under a contract like the one Rogers says was made in this case, whether he was to pay any rent or not. A tenant is one who holds possession of real estate by any kind of right; one who has the occupancy or temporary possession of land or tenements, the title of which is in another.

Appellant next contends that instruction No. 1 given by the court was misleading because it indicated that Rogers had authority to rent the farm to the appellee, although appellant says Rogers had no authority.

In the first place, instruction No. 1 does not indicate that Rogers had authority to rent to appellee, but is simply a statement of the issues, one of which is that appellee claimed to have purchased from Rogers. Instruction No. 2 clearly submitted the issues to the jury and was as favorable to appellant as he was entitled to. It directed the jury to find for the plaintiff the reasonable value of the hay and the reasonable value of the use of the pasture, unless they found that appellee purchased it from Rogers and that Rogers had a right to sell. In other words, before the jury could find for the defendant under the above instructions, it would have to find from the evidence, first, that appellee purchased from Rogers, and, second, that Rogers had a right to sell. Certainly it cannot be contended that appellant would be entitled to

924

recover if appellee purchased from Rogers' property that Rogers had a right to sell.

Appellant contends, however, that there was no testimony upon which to base instruction No. 1. We think Rogers' testimony not only justified the giving of this instruction, but that appellant acquiesced in the sale made by Rogers. He was present when Holland went to purchase the crop and made no objections. Appellant also complains about the action of the court in giving instruction No. 3 and in refusing to give instructions requested by the appellant. Whether the instructions requested by appellant are correct statements of law or not, is immaterial, because instruction No. 2 given by the court covers the whole case, for under that instruction it was a question of fact for the jury as to whether appellant purchased the property from Rogers, and also a question of fact for the jury as to whether Rogers had a right to sell.

The jury having found these issues against the appellant, their findings on these matters are conclusive, and the judgment of the circuit court is affirmed.