BRUNS FOODS OF MORRILTON, INC. *v.* Marlin
HAWKINS, et al.

97-17 944 S.W.2d 509

Supreme Court of Arkansas
Opinion delivered May 5, 1997

*Chisenhall, Nestrud & Julian, P.A.*, by: *Jim L. Julian* and *Jamie W. McFarlin*, for appellant.

*Mark Cambiano* and *Phil Stratton*, for appellees.

Annabelle Clinton Imber, Justice. The appellant, Bruns Foods of Morrilton, Inc., appeals from a dismissal entered in favor of the appellees, Marlin and Marvine Hawkins. The sole issue on appeal is whether a previous decision in a lawsuit between the Hawkinses and a third party bars Bruns Foods's action against the Hawkinses. We find that it does, and thus we affirm.

On August 9, 1982, Marlin and Marvine Hawkins conveyed a 1.69 acre lot located in Morrilton to the McDonald's Corporation. The deed contained a twenty-year restrictive covenant whereby the Hawkinses agreed not to use the adjoining land for restaurant purposes except for a "sit down restaurant connected with a hotel or motel." Subsequently, McDonald's conveyed a franchise and lease to Bruns Foods for the operation of a McDonald's restaurant on the lot.

Ten years later, the Hawkinses filed a petition to abrogate the restrictive covenant as void against public policy. Bruns Foods was not a named defendant nor did it move to intervene in the Hawkinses's action. The trial court entered a default judgment against McDonald's for its failure to timely answer the complaint. We initially dismissed the appeal in *McDonald's Corp. v. Hawkins*, 315 Ark. 487, 868 S.W.2d 78 (1994), and, in a second appeal, we affirmed the trial court in two separate opinions. *McDonald's Corp. v. Hawkins*, 319 Ark. 1, 888 S.W.2d 649 (1994); *McDonald's Corp. v. Hawkins*, 319 Ark. 2-A, 894 S.W.2d 136 (1995) (supplemental

opinion denying rehearing). Bruns Foods moved to intervene in McDonald's second appeal, and we summarily denied the motion.

While the second appeal was pending before this court, Bruns Foods filed a separate action against the Hawkinses in the Conway County Chancery Court. In their complaint, Bruns Foods asked the court to declare that the restrictive covenant between the Hawkinses and McDonald's was enforceable and ran in the favor of Bruns Foods as the franchisee and lessee of McDonald's. The trial court held that the prior judgment against McDonald's voided the restrictive covenant and removed it as a cloud on the Hawkinses's title, which judgment withstood appellate challenges in *McDonald's I, II, & III*. The trial court further found that Bruns Foods had no greater interest than its franchisor, McDonald's, and therefore, Bruns Foods's action was barred by the prior judgment. Accordingly, the court dismissed the action, and Bruns Foods appeals.

■ For its sole argument on appeal, Bruns Foods argues that the trial court erred when it found that the prior judgment affirmed in *McDonald's II, & III* barred Bruns Foods's lawsuit against the Hawkinses. As we have stated numerous times in the past, under the doctrine of res judicata, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Robinson v. Buie*, 307 Ark. 112, 817 S.W.2d 431 (1991); *Toran v. Provident Life & Accident Ins. Co.*, 297 Ark. 415, 764 S.W.2d 40 (1989). Privity of parties within the meaning of res judicata means "a person so identified in interest with another that he represents the same legal right." *Robinson, supra*; *Spears v. State Farm Fire & Cas. Ins.*, 291 Ark. 465, 725 S.W.2d 835 (1987).

■■ On appeal, Bruns Foods argues that res judicata does not bar its action because it was not in privity with McDonald's. We disagree with this assertion. It is well settled that a lessee only holds temporary possession of the land while the ownership rights remain in the lessor. *Chastain v. Hall*, 182 Ark. 920, 33 S.W.2d 45 (1930). Hence, the trial court was correct when it found that Bruns Foods, as lessee, had an inferior interest to that of McDon-

ald's, its lessor. Likewise, we have also held that when a landowner is barred by the statute of limitations, then so too is the tenant. *Chicago, Rock Island & Pac. Ry. Co. v. Humphreys*, 107 Ark. 330, 155 S.W.2d 127 (1913). Therefore, we hold that a tenant is in privity with his or her landlord such that a judgment that determines interests in real property against the landlord will bar relitigation of the matter by the tenant. *See also, Ward v. Davis*, 298 Ark. 48, 765 S.W.2d 5 (1989); *Phelps v. Justiss Oil Co.*, 291 Ark. 538, 776 S.W.2d 662 (1987) (holding that a successor in interest in land is in privity with its grantor such that a prior ruling against the grantor is also binding against the successor).

■ We realize that the Hawkinses prevailed over McDonald's by default judgment and not by an adjudication on the merits. We, however, have previously recognized with regard to the doctrine of res judicata that a decree entered by default is as conclusive as any other judgment or decree. *Lewis v. Bank of Kensett*, 220 Ark. 273, 247 S.W.2d 354 (1952). The Court of Appeals has also held that for the purposes of res judicata:

> A judgment by default is just as binding and forceful as a judgment entered after a trial on the merits in a case; and it is not to be discredited or regarded lightly because of the manner in which it was acquired. A default judgment determines a plaintiff's right to recover and a defendant's liability just as any conventional judgment or decree.

*Williams v. Connecticut Gen. Life Ins. Co.*, 26 Ark. App. 59, 759 S.W.2d 815 (1988) (citing *Meisch v. Brady*, 270 Ark. 652, 606 S.W.2d 112 (Ark. App. 1980)). This reasoning is sound because res judicata applies not only to issues which were actually litigated, but also to those issues which could have been litigated in the prior lawsuit. *Lemon v. Laws*, 305 Ark. 143, 806 S.W.2d 1 (1991); *Swofford v. Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988). Accordingly, we hold that an issue previously resolved by default judgment is barred from relitigation under the doctrine of res judicata.

■ Because we find that res judicata bars Bruns Foods's action against the Hawkinses, we need not address appellant's argument that this case is not barred by the law-of-the-case doc-

trine. For these reasons, we find that Bruns Foods's attempt to resurrect the stricken restrictive covenant must fail, and thus we affirm the trial court's ruling.

Affirmed.

GLAZE, J., not participating.