**In re Richard J. STEFFY and Jessica M. Steffy, Debtors.**

**Richard J. Steffy, Plaintiff,**

v.

**State of Arkansas ex rel., Dustin McDaniel, Attorney General, Defendant.**

**Bankruptcy No. G11–23744–REB.**
**Adversary No. 12–2041.**

United States Bankruptcy Court, N.D. Georgia, Gainesville Division.

Nov. 21, 2012.

---

**578**

Ernest V. Harris, Harris & Liken, L.L.P., Athens, GA, for Debtor.

## *ORDER*

ROBERT B. BRIZENDINE,
Bankruptcy Judge.

Before the Court is the motion of Defendant the State of Arkansas *ex rel.*, Dustin McDaniel, Attorney General, filed on May 29, 2012, for partial summary judgment on the complaint of Plaintiff–Debtor Richard J. Steffy as filed herein.[1] Follow-

---

1. The Court will be deciding the motion for partial summary judgment of which the principal issues relate to the nondischargeability of a state court award of civil penalties and injunctive relief as discussed hereafter, but the Court will also be deciding herein the remaining issues as they pertain to an alleged violation of the automatic stay and the non-dischargeability of an award of restitution. Through the briefs and responses thereto on the issue of non-dischargeability of the civil penalties as raised in the motion, the parties addressed the stay violation issue. Further, the Court believes that the parties were on

ing the reopening of the above-named Chapter 7 case on motion by Debtors on March 21, 2012, Debtor commenced this adversary proceeding through the filing of a complaint on that same date. In the complaint, Debtor seeks a determination of dischargeability concerning claims for restitution and civil penalties asserted by Defendant in connection with certain litigation in the Circuit Court of Pulaski County, Arkansas, which was pending during the administration of this bankruptcy case.[2] On April 11, 2012, Defendant State filed its answer and counterclaim in this adversary proceeding raising, among other things, challenges to dischargeability on various grounds including the claim that any assessment of civil penalties imposed by the Arkansas state court against Debtor should be excepted from discharge under 11 U.S.C. § 523(a)(7).[3]

On amended motion of Defendant State for default judgment in the state court litigation, that court entered an Order granting relief in favor of Defendant and against Debtor and others on May 10, 2012. *See* Order Granting Default Judgment, filed on May 10, 2012, attached as Exhibit "3" to Plaintiffs Response to Defendant's Motion (Docket Entry No. 16). In its motion in this bankruptcy adversary proceeding, Defendant argues it is entitled to summary judgment under Section 523(a)(7) on grounds of *res judicata* with respect to the civil penalties and injunctive relief ordered by the state court. In its Order, the Arkansas state court found Debtor and other party defendants named therein liable for unconscionable and deceptive acts committed in violation of the Arkansas Deceptive Trade Practices Act and the Arkansas Home Solicitation Sales Act. *See* ARK.CODE ANN. § 4-88-101, *et seq.;* ARK.CODE ANN. § 4-89-101, *et seq.* Among other relief, the state court assessed civil penalties against Debtor and others on a joint and several basis in the aggregate amount of $1,050,000.00. In its motion, Defendant contends that Debtor is barred both from disputing the findings of the state court as well as contesting the appli-

notice of the need to address the issue of the nondischargeability of that portion of the state court award granting restitutionary relief. This issue was certainly implicated in their various contentions and the Court concludes that it has been sufficiently argued herein and should be considered for decision. *Cf. Flood v. Young Woman's Christian Ass'n of Brunswick, Ga., Inc.,* 398 F.3d 1261, 1267 (11th Cir.2005).

Accordingly, the Court will dispose of the entire proceeding by entering summary judgment based upon the issues specifically raised in Defendant's motion, as well as on the Court's own motion with respect to the remaining issues presented.

**2.** This action was commenced on August 30, 2010 and is styled as *State of Arkansas, ex rel., Dustin McDaniel, Attorney General v. American Shingle & Siding, Inc.; American Shingle, LLC; Richard Steffy; Carlton Dunko; Frank M. Pureber, III; and Hank Smith,* Case No. 60CV10–5197. Debtors filed this Chapter 7

bankruptcy case on September 7, 2011, and received their discharge prior to the closing of same on February 21, 2012.

**3.** Debtor disputes the propriety of Defendant State's assertion of its claims herein, but the Court observes that whereas challenges to discharge under Sections 523(a)(2) and (a)(4) must be brought in a timely fashion as specified in Fed.R.Bankr.P. 4007(b), an action under Section 523(a)(7) may be raised at any time. *See also* 11 U.S.C. § 523(c)(1). Moreover, Defendant has asserted these claims through its counterclaim in response to Debtor's complaint that itself raises the issue of dischargeability. Defendant's claim under Section 523(a)(7) is, therefore, timely. Debtor insists, however, that because Defendant also raised challenges under Sections 523(a)(2) and (a)(4) beyond the deadline for such claims, and pursued a cause of action for civil restitution as well as a claim for a civil penalties in the state court, it has proceeded in bad faith and is not entitled to summary judgment for that reason.

cability of same in this adversary proceeding with respect to this Court's analysis of the state court's Order.

In response to the motion, Debtor maintains that Defendant has failed to demonstrate grounds for applying *res judicata* with respect to the state court's award under the test set forth in cases such as *Sterling Factors, Inc. v. Whelan (In re Whelan)*, 236 B.R. 495 (Bankr.N.D.Ga. 1999), *modified*, 245 B.R. 698 (N.D.Ga. 2000). First, he argues, among other things, that the matter was not fully contested in good faith because the state was not authorized to proceed in violation of the automatic stay, and Defendant was not entitled to rely on the exception provided in 11 U.S.C. § 362(b)(4) since there was no pressing public concern.[4] Second, Debtor states that the Order is not a final judgment on the merits, contending that although the award at issue is undoubtedly characterized as a penalty, *he* was never found to have committed acts meriting such award. While all the allegations in that litigation addressed co-defendants and related corporate entities such as American Shingle & Siding, Inc. and American Shingle, LLC, no judgment was entered against those entities but instead, against Debtor and others even though no evidence was submitted regarding *their* conduct Third and similarly, Debtor disputes that these suits involve the same parties and, lastly, Debtor avows that there was no prior judgment entered against him *before* the filing of this bankruptcy case but only *after* same had been commenced.

Summary judgment may be granted pursuant to Federal Rule of Civil Procedure 56, applicable herein by and through Federal Rule of Bankruptcy Procedure 7056, if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986). Based upon the following discussion, the Court will grant Defendant's motion with respect to its claims that the civil penalties and the injunctive relief are excepted from discharge.

\* \* \*

 Section 523(a)(7) of the Bankruptcy Code provides that an indebtedness is excepted from discharge "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss. . . ." *See* 11 U.S.C. § 523(a)(7). In a civil context as presented herein, in addition to finding that the debt is in fact payable to, and for the benefit of, a governmental unit, the court must determine that the debt is not compensation for actual pecuniary loss but serves a punitive function or purpose. *See Whitehouse v. LaRoche*, 277 F.3d 568, 573 (1st Cir.2002); *see also United States v. Jones (In re Jones)*, 311 B.R. 647, 651 (Bankr.M.D.Ga.2004).[5] The legal question

4. This provision states that the filing of a bankruptcy case does not operate as a stay with respect to:

the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulato-

ry power, including the enforcement of a judgment other than a money judgment. . . . 11 U.S.C. § 362(b)(4).

5. These inquiries are summarized as follows and require that the debt at issue must:

(1) arise as a punishment or sanction for some type of wrongdoing by the debtor and

of whether a particular debt is excepted from discharge as a "fine, penalty or forfeiture" is determined by federal law with appropriate reference to state law; thus, while the characterization of an award under state law is significant, this Court still must evaluate same under the above federal standard.

As mentioned above, Defendant State argues that given the ruling as set forth in the state court's Order, Defendant is entitled to summary judgment with respect to same herein on the basis of *res judicata*. Hence, this Court must address the binding effect of the state court's award of civil penalties in connection with an analysis under Section 523(a)(7).[6]

Debtor does not dispute, and after review the Court concludes there is no issue, that the debt in question is in fact payable to, and for the benefit of, a governmental

unit, and is not compensation for actual pecuniary loss but serves a punitive function or purpose in terms of enforcing Arkansas consumer protection law. Thus, the award is a civil penalty within the scope of Section 523(a)(7). Given the parties' arguments pertaining to preclusion and its potential effect on this Court's analysis, however, particularly with regard to Debtor's position that preclusion does not apply the Court will address both doctrines of collateral estoppel and *res judicata* as discussed in note 6.

First, with respect to collateral estoppel, as described by the Eleventh United States Circuit Court of Appeals:

[c]ollateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the

---

not merely be an enhanced monetary remedy for what is essentially a breach of contract;
(2) not be compensation for an actual pecuniary loss;
(3) be payable to a governmental unit; and,
(4) be for the benefit of a governmental unit.

*See* 4 Collier On Bankruptcy ¶ 523.13[3], at 523–101 (16th ed. 2012) (cites omitted).

6. Defendant insists this Court must apply *res judicata*, or claim preclusion, herein. Under Arkansas law, *res judicata* precludes further litigation on a cause of action, while collateral estoppel precludes further litigation with respect to a particular issue or finding. *See generally Craven v. Fulton Sanitation Serv., Inc.*, 361 Ark. 390, 394, 206 S.W.3d 842, 844 (2005). Upon initial review, however, it seems to the Court that issue preclusion or collateral estoppel is the more appropriate doctrine of preclusion to consider with regard to the binding effect of the findings in the state court's Order. As a general rule, the dischargeability of a certain debt in a bankruptcy case is an ultimate legal question for this federal bankruptcy court to examine and decide. *See e.g. Colorado ex rel. v. Jensen (In re Jensen)*, 395 B.R. 472, 491 (Bankr.D.Colo. 2008). Accordingly, this bankruptcy court is

not bound under *res judicata* by the legal characterization of the state court that its award constituted a civil penalty as this Court must review and decide same under federal bankruptcy principles. Yet, *res judicata* may act to preclude consideration of the validity or amount of the underlying obligation.

At the same time, this Court further observes that although issues of fact previously decided by another court may be accorded preclusive effect under collateral estoppel, the dischargeability exception provided in 11 U.S.C. § 523(a)(7) calls for a different analysis. *Cf. Jensen*, 395 B.R. at 488. In considering Section 523(a)(7), it is not this Court's responsibility or prerogative to take the findings of the state court and determine whether Defendant established a basis for or entitlement to the award in question, as would be the case, for example, in evaluating an allegation of fraud under Section 523(a)(2)(A). Instead, it is this Court's duty under Section 523(a)(7) to decide whether the award in question is in the *nature* of a civil penalty consistent with the requirements of that subsection. Because Debtor raises arguments that may bear on the characterization of the award as related to the analysis this Court must undertake, the legal effect of both preclusion doctrines will be considered herein.

prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case. Collateral estoppel principles apply to dischargeability proceedings. If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect ... however, the ultimate issue of dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability.

*St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675 (11th Cir.1993) (cites omitted); *see also In re Houser*, 458 B.R. 771, 777–78 (Bankr.N.D.Ga.2011). In deciding whether collateral estoppel applies in this adversary proceeding, this Court must refer to the law of Arkansas as the law of the state in which the final judgment at issue was rendered.[7] Arkansas law states that the following elements must be present to warrant application of collateral estoppel: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a final and valid judgment; and (4) the issue must have been essential to the judgment." *See Beaver v. John Q. Hammons Hotels, L.P.*, 355 Ark. 359, 363, 138 S.W.3d 664, 666 (2003) (cites omitted).[8]

From an examination of its Order, it is apparent the state court considered and found, upon review of the pleadings, affidavits, testimony, and argument presented therein, that each defendant in that litigation engaged in "deceptive and unconscionable trade practices" as prohibited by Arkansas law, in receiving monies from consumers for roof repairs they failed to make and, indeed, never intended to make. Such conduct, the court found, knowingly caused damage to such consumers. Based upon these violations, the court assessed civil penalties against defendants under the Arkansas Deceptive Trade Practices Act and Arkansas Home Solicitation Act. *See* Order Granting Default Judgment, filed on May 10, 2012, attached as Exhibit "3" to Plaintiff's Response to Defendant's Motion (Docket Entry No. 16).[9]

In connection with these findings of the state court, this Court concludes that the penalties are payable to, and for the benefit of, a governmental entity, and designed to punish defendants for a series of violations of Arkansas consumer protection law and is not an enhanced award for breach of contract. It is noteworthy that the state court adopted Defendant's claim in its amended motion and awarded the

---

7. While this Court will examine any alleged procedural irregularities surrounding the entry of a state court order for which preclusive effect is sought herein, this Court does not sit as a court of appeals. Thus, alleged errors of law, claims of insufficiency of evidence, or similar questions must be submitted to the appropriate appellate courts of the subject state for review as this Court will not hear arguments attempting to re-try such matters or consider additional evidence on decided matters as grounds for disregarding a state court's findings or legal ruling.

8. Debtor states that while he was aware of the Arkansas law suit, he did not participate in that case because he could not afford an attorney and did not know he could represent himself Under Arkansas law, issues determined in a default judgment are treated as "actually litigated" for purposes of collateral estoppel. *See First Sec. Bank v. Hudson (In re Hudson)*, 428 B.R. 866, 870 (Bankr.E.D.Ark. 2010), citing *Reyes v. Jackson*, 43 Ark.App. 142, 861 S.W.2d 554, 555 (1993).

9. The state court also granted injunctive relief and separately ordered the payment of restitution, both of which Defendant acknowledges are not subject to the dischargeability exception provided in Section 523(a)(7).

statutory maximum penalty for each violation as allowed by law. *See* ARK.CODE ANN. § 4–88–113(b). To the extent collateral estoppel is applicable concerning the findings of the state court as it relates to this Court's examination of the award herein, and using the state law standard described above, the Court concludes as a legal matter that these findings support a determination that the award constitutes civil penalties consistent with the requirements of 11 U.S.C. § 523(a)(7).

■■■■ Next, under the doctrine of *res judicata,* Arkansas law provides that relitigating a subsequent suit is barred when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; (5) both suits Involve the same parties or their privies." *See Jayel Corp. v. Cochran,* 366 Ark. 175, 234 S.W.3d 278, 281 (2006) (cites omitted). If *res judicata* applies, Debtor is precluded from attempting to raise matters and defenses pertaining to the validity of the state court's civil penalty award. Moreover, as contrasted with collateral estoppel, under *res judicata* Debtor is barred not only from relitigating claims actually litigated, but claims that *could* have been litigated as well. This inquiry seems particularly relevant given Debtor's attempt to raise challenges concerning the *basis* of the civil penalty award at issue.

Throughout Debtor's arguments against Defendant's motion, one principal contention lies in his assertion that although *Debtor* was alleged to be "a controlling person" with respect to the American Shingle entities under Arkansas law, there was no finding that these *entities* violated the Deceptive Trade Practices Act. *See* ARK.CODE ANN. § 4–88–113(d)(1). Debtor's liability as a controlling person is contin-

gent upon the liability of another person or entity, and absent same he cannot, therefore, be liable. Further, Debtor argues there was no evidence that he knew or should have known of a violation of the law by American Shingle. In sum, there was no finding of liability concerning the subject entities under the Deceptive Trade Practices Act, no evidence that Debtor was a controlling person with regard to same and, indeed, no evidence presented concerning Debtor's conduct or that he *personally* violated this statutory law.

■■■■ The Court has been presented with a valid and binding state court award and under *res judicata,* Debtor may not seek to litigate in this court issues, claims, or defense that could have been raised in prior litigation, even in a default situation. *See Bruns Foods of Morrilton, Inc. v. Hawkins,* 328 Ark. 416, 944 S.W.2d 509, 510–11 (1997), citing *Lewis v. Bank of Kensett,* 220 Ark. 273, 247 S.W.2d 354 (1952). The record clearly reveals that Debtor was a party to the Arkansas litigation, claims were asserted against him and others, and he was found liable. Having failed to assert these contentions in the state court action regarding whether he was a controlling person, as well as whether the contingent basis of his liability was satisfied, and including whether he personally violated the Arkansas law as alleged, Debtor is precluded from raising those questions for the first time in this adversary proceeding.

\*　　\*　　\*

■■■■ Debtor also contends that Defendant's argument that a default judgment is binding and conclusive as an adjudication on the merits is based upon an unsound interpretation of Arkansas case law by Arkansas courts with regard to *Swofford v. Stafford,* 295 Ark. 433, 748 S.W.2d 660 (1988). While this federal bankruptcy court will entertain any legal argument

counsel seeks to make, it is not within this Court's prerogative to set or correct precedent within a particular state's body of law as construed by the courts of that state. Debtor refers to the dissenting opinion in *Stafford* in support of his argument. *See* 295 Ark. at 436, 748 S.W.2d at 662. But, the determinative facts cited in that dissent are distinguishable from the present case as we *do* have a final judgment, as opposed to a mere dismissal, and the issues and defenses Debtor attempts to assert herein *were* at issue in the prior state court action. Consistent with Arkansas law as stated in *Swofford*, the Court concludes that Debtor cannot litigate questions in this proceeding in an attempt to draw the very same controversy considered by the state court into issue a second time.

The above conclusion is unaltered by the fact that the state court suit was pending during the time this adversary proceeding was also pending. As mentioned, it is Debtor's position that there is no final judgment entitled to preclusive effect herein since this dischargeability action had been commenced before the state court judge signed his Order. Issues pertaining to Debtor's liability, however, were already joined in the state court before Debtor filed his bankruptcy case or this adversary proceeding. Moreover, as discussed below, Defendant's pursuit of its claims was effectively excepted from stay, and the subsequent ruling of the state court is entitled to preclusive consideration herein. *See generally League v. Graham (In re Graham),* 191 B.R. 489 (Bankr.

N.D.Ga.1996) (preclusive effect given to state court judgment entered years after stay lifted by bankruptcy court to permit prosecution of state court litigation). In any event, the applicability of preclusion notwithstanding, the main question this bankruptcy court has to decide on this issue is whether the award as stated is in the *nature* of a civil penalty and, therefore, nondischargeable. Compare *Jensen,* 395 B.R. at 488, 491.

\* \* \*

In addition, Debtor maintains that Defendant did not proceed in good faith in continuing to prosecute the state court litigation despite its knowledge of this bankruptcy case. Further, Debtor challenges Defendant's reliance upon the exception to the automatic stay provided in 11 U.S.C. § 362(b)(4), arguing that there was no pressing public policy concern to implicate same.[10] American Shingle had gone out of business and the only basis of Debtor's liability was by reason of his relationship with this entity that was the target of Defendant's exercise of its policing and regulating power. Because this entity no longer constituted a threat to the public health, safety, or welfare of the citizens of Arkansas, and since the risk no longer existed, Debtor contends that the stay exception did not apply to Defendant's ongoing efforts in the state court litigation against him. *See W.R. Grace & Co. v. Campbell (In re W.R. Grace & Co.),* 384 B.R. 678 (Bankr.D.Del.2008).[11]

Under this exception to stay, the Court observes that a governmental

---

**10.** As previously mentioned, this provision states that the filing of a bankruptcy case does not operate as a stay with respect to:

the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit's or organization's police and regulato-

ry power, including the enforcement of a judgment other than a money judgment....

11 U.S.C. § 362(b)(4).

**11.** American Shingle filed a case under Chapter 7 in this district on September 2, 2010. *See In re* American Shingle & Siding, Inc., Chapter 7 Case No. 10–85541–MGD.

entity attempting to enforce compliance with applicable law may proceed to judgment. The guiding test is to ascertain first, whether the governmental unit is pursuing an issue of public safety and welfare as opposed to the pecuniary interest of the government, and second, whether the action functions to advance the ends of public policy instead of adjudicating private rights. *See Berg v. Good Samaritan Hosp., Inc. (In re Berg)*, 230 F.3d 1165 (9th Cir.2000); *see also Bd. of Governors v. MCorp Fin., Inc.*, 502 U.S. 32, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991). Here, Defendant states that even if American Shingle was no longer in business, Debtor could still engage in future deceptive business practices inside the state of Arkansas, and the penalties were imposed to deter such conduct. Further, the case of *Cash Currency Exch., Inc. v. Shine (In re Cash Currency Exch., Inc)*, 762 F.2d 542, 555 (7th Cir.), *cert. denied, Fryzel v. Cash Currency Exch., Inc.*, 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985), cited by Debtor, is distinguishable because the law at issue in that case was designed to assist creditor rights as opposed to advancing health, morals, welfare, and safety.

■■■■ This Court finds Defendant's arguments persuasive and based on the undisputed facts of record, it appears that Defendant continued to prosecute its law suit to make certain the consumer protection laws of Arkansas were enforced and its citizens protected from Debtor. As such, this purpose is encompassed within the scope of Section 362(b)(4). The Court further observes, however, that ordinarily, creditors must come to this Court to obtain a ruling regarding the effect of the automatic stay on their rights before proceeding to exercise same including governmental entities. *See e.g. Massachusetts v. First Alliance Mortg. Co. (In re First Alliance Mortg. Co.)*, 263 B.R. 99, 106–09 (9th Cir. BAP 2001). One of the primary purposes of the automatic stay is to prevent a piecemeal dismantling of the bankruptcy estate and avoid the cost of defending against such efforts in another forum. While Defendant states that it believes it is clearly exempt from the stay and that it has refrained from any effort to collect its award from Debtor, still, this Court typically makes the decision regarding the operation and scope of the automatic stay. It is this Court that determines whether certain legal pursuits by a governmental entity against a debtor are intended to protect the public, or to produce a pecuniary gain.[12] Defendant should have sought confirmation of its position regarding the stay in this Court, but, in any event, the Court concludes that Defendant's pursuit of its claim for an assessment of civil penalties under Section 362(b)(4) comes within this stay exception, and Debtor's legal argument that Defendant did not contest the matter in good faith fails on this point.[13]

\* \* \*

12. The bankruptcy court has exclusive jurisdiction to make such decisions regarding applicability of the stay with respect to a state tribunal, and most certainly that decision should not be unilaterally made by the governmental entity itself. *See e.g. Contractor's State License Bd. v. Dunbar (In re Dunbar)*, 245 F.3d 1058 (9th Cir.2001).

13. The Court notes that Defendant State did indicate in its amended motion filed with the state court that it believed the pursuit of restitution did not prevent application of the stay exception (see ¶ 26). But, no such confirmation was sought in this Court, even though the State did file a motion and brief regarding the stay in the American Shingle bankruptcy case. *See* Docket Entry No. 97, filed on January 31, 2011. In any event, this Court concludes that Defendant's pursuit of restitutionary relief, along with civil penalties, in the enforcement of state consumer protection laws as presented in this case, which also halts at actual collection, falls within the stay exception of Section 362(b)(4) as an exercise of its regula-

In sum, on the question, of *res judicata*, this Court has been presented with a final judgment on the merits, based on proper jurisdiction, fully contested in good faith, involving the same claim and the same parties. Under the applicable standards of this doctrine, and the inquiry this Court is directed to make under Section 523(a)(7) regarding the nature of the award in question, the Court concludes that the relief awarded by the state court in reference to its assessment of $1,050,000.00 against Debtor meets the above requirements of Section 523(a)(7), and same constitutes civil penalties subject to exception from discharge.

\* \* \*

With respect to Defendant's final argument in its motion that the award of injunctive relief is excepted from discharge, the Court agrees that because such relief does not give rise to a right to payment under the terms of the state court's Order, it is not a claim under Section 101(5) and thus, cannot be discharged in bankruptcy in any event. *See In re Peltz*, 55 B.R. 336 (Bankr.M.D.Fla.1985).

Finally, as noted above (*see* note 1), the Court will address *sua sponte* the dischargeability of the state court's award of restitution as raised by the parties in the complaint and counterclaim. Based upon a review of the state court's Order, this Court concludes that although judgment is to be entered in favor of the Defendant State, by its plain terms the Order directs the state to distribute this award to "affected Arkansas consumers."

*See* Order, attached as Exhibit "3" to Plaintiff's Response to Defendant's Motion (Docket Entry No. 16). Although such an award may serve to advance enforcement by deterrence, the restitution is not "payable to and for the benefit of a governmental unit," and, therefore, does not come within the exception of Section 523(a)(7). *See Jensen*, 395 B.R. at 484. Further challenges by Defendant under Sections 523(a)(2)(A) and 523(a)(6) were not timely asserted and will also be denied. *See* 11 U.S.C. § 523(c)(1); Fed.R.Bankr.P. 4007(c).

\* \* \*

Upon review of the record and cited authority, and based on the above discussion and reasoning, this Court concludes that the issues raised in the Debtor's complaint and Defendant's counterclaim are subject to disposition by summary judgment as follows.

Accordingly, it is

**ORDERED** that the motion of Defendant the State of Arkansas *ex rel.*, Dustin McDaniel, Attorney General for partial summary judgment be, and hereby is, **granted** and judgment will be entered in *favor* of Defendant State and *against* Plaintiff–Debtor, and the civil penalties awarded against Debtor on a joint and several basis in the aggregate amount of $1,050,000.00 by the Circuit Court of Pulaski County, Arkansas on May 10, 2012 in Case Number 60CV–10–5197 are excepted from Debtor's discharge herein under 11 U.S.C. § 523(a)(7). It is

---

tory power to protect the public interest. *See Georgia v. Family Vending, Inc. (In re Family Vending, Inc.)*, 171 B.R. 907, 909 (Bankr. N.D.Ga.1994); *see also Pennsylvania v. Burns (In re Burns)*, 2008 WL 3246244 (Bankr. M.D.Pa. Aug. 7, 2008).

In addressing this argument, the Court necessarily must also address Debtor's prayers

that Defendant be enjoined from proceeding in violation of the automatic stay and that damages be awarded for violating the stay. Based on the above reasoning, the Court concludes Defendant has not violated the automatic stay, and these prayers for relief will be denied.

**FURTHER ORDERED** that based on the above discussion, judgment will also be entered in *favor* of Defendant State and *against* Debtor regarding the injunctive relief granted by the state court and same is nondischargeable.

As mentioned above, the Court is addressing the remaining issues herein, and it is, therefore,

**FURTHER ORDERED** that based on the above discussion, judgment will be entered in *favor* of Defendant State and *against* Debtor on Debtor's claim for an injunction and for damages for alleged violation of the automatic stay. Finally, it is

**FURTHER ORDERED** that summary judgment be, and the same hereby is, **granted** and judgment will be entered in *favor* of Debtor and *against* Defendant State with respect to the restitution Debtor was ordered *to* pay by the state court in the amount of $442,648.90, and this award is **not excepted** from Debtor's discharge and the dischargeability of same will not be denied herein on the grounds alleged in the counterclaim. It is

**FURTHER ORDERED** that a judgment will be granted contemporaneously herewith in accordance with the above on the complaint and counterclaim.

The Clerk is directed to serve a copy of this Order upon counsel for Plaintiff–Debtor, counsel for Defendant the State of Arkansas *ex rel.*, Dustin McDaniel, Attorney General, the Chapter 7 Trustee, and the United States Trustee.

**IT IS SO ORDERED.**